IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CURTIS P. CHUN,<br><br>        Plaintiff,<br><br>    v.<br><br>HAWAII STATE FAMILY COURT RULES UNDER THE HONORABLE JUDGE STEVEN M. NAKASHIMA,<br><br>        Defendant. | CV. NO. 18-00177 DKW-KSC<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

**INTRODUCTION**

On May 15, 2018, Plaintiff Curtis P. Chun, proceeding pro se, filed a Complaint alleging violations of his federal civil rights, together with an incomplete application to proceed *in forma pauperis* ("IFP Application").[1] Dkt. Nos. 1 and 3. The Complaint challenges unspecified Hawaii State Family Court Rules and ongoing proceedings involving Chun and his family members in state court. Because Chun fails to allege facts demonstrating that his rights have been violated, that he is plausibly entitled to relief from any defendant, or that establish this Court's

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

subject matter jurisdiction, the Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The incomplete IFP Application is denied without prejudice, pending the filing of an amended complaint.

## DISCUSSION

Because Chun is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

**I.       Plaintiff's Incomplete IFP Application Is Denied**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay

2

the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court cannot properly evaluate Plaintiff's IFP Application because it is incomplete. While Chun's IFP Application indicates, in places, that he is homeless, with no mailing address, and unemployed, without any wages, assets, or debts, it also notes that he receives income from "sources," including his father, without clearly indicating how much or how frequently this income is provided, or whether the monies he receives must be repaid. Dkt. No. 3 at 1. In addition, in further contradiction of his claim to destitution, Chun's submission suggests that he receives disability payments, but once again, does not clearly state how much or

3

how frequently these payments are received.  *See* Compl. Ex. 2, Dkt. No. 1-2 at 2 ¶ 5, 5.  Further, Chun has failed to provide complete responses to the sections of the IFP Application form regarding income, completing some of the requisite boxes indicated, but not others.

Under these circumstances, the Court is unable to determine whether Chun has made the required showing under Section 1915 to proceed without prepayment of fees, and therefore denies his IFP Application without prejudice.  If Chun elects to file an amended complaint, as discussed below, he may resubmit a complete, fully executed IFP Application on the court's form or pay the civil filing fee in full.  The failure to do so will result in the dismissal of this action without further consideration of the merits of Chun's claims.

## II. The Complaint Is Dismissed With Leave To Amend

Upon review of the Complaint, the Court finds that Chun fails to state a claim upon which relief may be granted.  As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Chun fails to meet this standard.

**B.**     **The Complaint Is Dismissed With Leave to Amend**

Even given a liberal construction, the allegations in the Complaint fail to state a plausible claim against any defendant. Although the factual averments in the Complaint are not entirely clear, Chun appears to allege that the State of Hawaii Family Court, pursuant to unspecified Hawaii Family Court Rules, denied him the right to counsel during the course of adjudicating one or more petitions for a temporary restraining order ("TRO") against Chun. Assuming the truth of his allegations, however, dismissal of the Complaint is necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc.*, 718 F.3d at 1014.

The caption of Chun's Complaint states "violation of U.S. Constitution, the 14th Amendment of U.S. Citizen protection of both equal rights and due process." Compl. at 1. Chun explains that:

> The Hawaii Family Court Rules under the Honorable Steven M. Nakashima is requested to appoint Curtis Chun counsel to advocate for Curtis in the lodged FC-DA 18-1-0482 that sequels prior FC-DA 17-1-1866. Curtis does not have these court documents owing to adverse homelessness conditions (wild

6

conditions). In the attachments[2] to the foundations for relief are argued upon denied representation to Curtis who falls under U.S. citizen stature, elder stature, permanently disabled stature, homelessness stature, disintegration of health from adverse homelessness wild conditions incurring stature, financialessness stature.

Compl. at 2.

It appears that on May 14, 2018, Judge Nakashima, during the course of considering a TRO petition filed in the State of Hawaii Family Court by Chun's sister Laurie Rodman, on behalf of Atsuko Sato Chun, their mother, denied Chun's request for the appointment of counsel. Judge Nakashima determined that "there is no legal basis for the appointment of counsel in an HRS Chapter 586 TRO case." Compl. Ex. 1, Dkt. No. 1-1. As best the Court can discern, Chun is involved in an ongoing dispute with his sister Laurie Rodman and her husband Thomas Rodman, relating to his sister's guardianship, trust relationship, and conservatorship over one or more of their parent's affairs. Chun, in an attachment to the Complaint, "demands the following: That the protection agency issue appropriate tro against Thomas Rodman to visit at any time . . . and stay away from Atsuko and Paul Chun at any and all times," and "immediately strip Laurie Jan Rodman from the family

---

[2]Chun attaches to the Complaint: (1) a State of Hawaii Family Court Order, dated May 14, 2018, continuing the hearing on a petition for a temporary restraining order filed on March 1, 2018, in FC-DA No. 18-1-0482 (Dkt. No. 1-1); and (2) a narrative explanation entitled "14th May 2018 tro fc-da 18-1-0482 Debrief Judge Steven M. Nakashima," detailing those proceedings in Family Court, which includes additional attachments and makes additional demands for relief (Dkt. No. 1-2).

7

court grant of her authority as appointed guardianship[.]" Compl. Ex. 2, Dkt. No. 1-2. Although they are not named as defendants, Chun asserts that "Laurie Jan Rodman and Thomas Rodman should compensate [Chun] for undue stress, and emotional distress, abuse and Civil Rights violation as the court in compliance with the law would award him where harm suffered by [Chun] arose indirectly as a result of harm done to him by violating the law, he should so be compensated." *Id.*

The Complaint suffers from several deficiencies. First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Neither Chun's Complaint naming the Hawaii Family Court judge nor the attached Exhibits registering his grievances against his family members coherently indicates who is being sued for what specific relief in this civil action. Even applying the most liberal pleading standard, the

Court cannot discern from the pleadings the conduct on which any *claim* is based, other than Chun's vague statement that his Fourteenth Amendment rights were violated by the denial of counsel during a family court TRO hearing. This allegation fails to state a claim, for the reasons addressed below.

Second, insofar as he seeks damages for violations of his federal constitutional rights—which is not clear—Chun fails to satisfy the pleading requirements to state a claim under 42 U.S.C. § 1983.[3] In order to state a Section 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent Chun alleges that unspecified Family Court Rules or court proceedings violate his Fourteenth Amendment rights, his claims are without merit. *See Williamson v. Basco*, No. CIV. 06-00012 JMS/LEK, 2007 WL 4570496, at *3 n.7 (D. Haw. Dec. 31, 2007) (holding that HRS Chapter 586 does not violate due process or equal protection rights and that Hawaii Family Court Rule 65, relating to

---

[3]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

9

restraining orders issued by Family Court, is also constitutional); *see generally In re Guardianship of Carlsmith*, 113 Hawai'i 236, 151 P.3d 717 (2007) (rejecting facial and as-applied constitutional challenges to Hawaii Family Court Rule 65).[4] Further, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Accordingly, any Section 1983 claim is dismissed.

Third, although once again not entirely clear, insofar as Chun names Judge Nakashima as a defendant in his official capacity as a result of the rulings made by the judge during the course of state court judicial proceedings, Judge Nakashima is entitled to immunity from damages under Section 1983. *See, e.g.*, *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). This immunity applies "even when such acts are in excess of

---

[4] As noted in the Family Court Order continuing the hearing on the TRO (Dkt. No. 1-1), there is no provision for the appointment of counsel in HRS Chapter 586, and Chun does not include additional factual allegations explaining why he is entitled to counsel under the circumstances. *See generally Turner v. Rogers*, 564 U.S. 431, 453 (2011) (Thomas, J., dissenting) (explaining the general framework of the Sixth and Fourteenth Amendment rights to counsel, and observing that "[t]he Court has never found in the Due Process Clause a categorical right to appointed counsel outside of criminal prosecutions or proceedings functionally akin to a criminal trial") (citation and quotation marks omitted); *see also Jaa v. City of Dublin*, No. 14-CV-03260-WHO, 2014 WL 6986234, at *5 (N.D. Cal. Dec. 10, 2014) ("There is no constitutional right to counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation.") (citing *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981)).

their jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (reasoning that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") (citing *Stump*, 436 U.S. at 356); *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) ("42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief.").

The Court likewise lacks subject matter jurisdiction over all claims against the Hawaii Family Court, an entity entitled to Eleventh Amendment immunity. *See Pengelly v. Hawaii, Family Court of Third Circuit*, No. CV 17-00306 SOM-KJM, 2017 WL 4683921, at *6 (D. Haw. Oct. 18, 2017) (dismissing claims for damages against Hawaii Family Court as "an arm of the state of Hawaii [that] has not waived its immunity"). "[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id*.

Finally, to the extent he complains of acts that were the subject of *prior* judicial proceedings, those claims or issues that were previously decided by a competent tribunal *may* be barred by the doctrines of *res judicata* and/or collateral

estoppel (or "claim preclusion" and "issue preclusion").[5] Because the Court cannot determine with any certainty whether Chun has actually raised these claims or issues, and whether any body has entered a final judgment on the merits, it is not clear whether either of these doctrines presently bars any portion of Chun's allegations. Chun is cautioned, however, that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. Moreover, to the extent he is unsatisfied with the final outcome of his state court cases, he may not seek appellate review in federal court, but must appeal those matters in state court.[6]

---

[5]"[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

[6]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests the entry of *prior* TROs or guardianship orders and asks that they be dissolved, any such challenge must be made through the state court appellate process. Chun may neither collaterally attack nor seek to relitigate state court judgments in this Court. *See also Williamson v. Basco*, 2007 WL 4570496, at *2 (D. Haw. Dec. 31, 2007) ("to the extent Plaintiff seeks to collaterally attack the Family Court's Divorce Decree, custody and child support determinations, and procedural rulings, the court is without jurisdiction to review the Family Court's decisions").

In sum, because Chun fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be possible, Chun is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

### III. <u>Limited Leave To Amend Is Granted</u>

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). The Ninth Circuit instructs "that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted).

The Complaint is dismissed without prejudice, and Chun is granted leave to amend to attempt to cure the deficiencies identified above. If Chun chooses to file an amended complaint, he must write short, plain statements identifying: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Chun fails to

13

affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Chun may include only one claim per count. Failure to file an amended complaint by **June 15, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Chun's Complaint is DISMISSED with leave to amend. Chun is granted leave to file an amended complaint in accordance with the terms of this Order by **June 15, 2018**. The Court CAUTIONS Chun that failure to

14

file an amended complaint by **June 15, 2018** may result in the automatic dismissal of this action without prejudice.

Chun's IFP Application (Dkt. No. 3) is DENIED without prejudice.  If he elects to file an amended complaint, Chun shall file a fully executed IFP Application or pay the requisite filing fee by **June 15, 2018**.

IT IS SO ORDERED.

Dated: May 17, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Chun v. Nakashima*; Civil No. 18-00177 DKW-KSC; **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**