IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CURTIS P. CHUN,<br><br>       Plaintiff,<br><br>    v.<br><br>HAWAII STATE FAMILY COURT RULES UNDER THE HONORABLE JUDGE STEVEN M. NAKASHIMA,<br><br>       Defendant. | CV. NO. 18-00177 DKW-KSC<br><br>**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

## INTRODUCTION

On June 6, 2018, Plaintiff Curtis P. Chun, proceeding pro se, filed a First Amended Complaint alleging violations of his federal civil rights (Dkt. No 9), together with an application to proceed *in forma pauperis* ("IFP Application," Dkt. No. 7), attempting to cure the deficiencies in his prior submissions that are described in the Court's May 17, 2018 Order.[1]  Dkt. No. 5 (5/17/18 Order).  The Court GRANTS the IFP Application.  The First Amended Complaint ("FAC"), however, like its predecessor, challenges previous and ongoing proceedings involving Chun

---

[1]On May 15, 2018, Chun filed his original Complaint alleging similar violations of his federal civil rights, together with an incomplete IFP Application.  Dkt. Nos. 1 and 3.  The Court dismissed the Complaint with leave to amend and denied without prejudice the incomplete IFP application.  *See* Dkt. No. 5 (5/17/18 Order).

and his family members in state court, and once more fails to allege facts demonstrating that Chun's rights have been violated or that he is plausibly entitled to relief from any defendant. Accordingly, the FAC is DISMISSED with limited leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below.[2]

## DISCUSSION

Because Chun is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

### I. Plaintiff's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[2]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Chun's IFP Application indicates that he is unemployed and does not earn any wages. Because he is currently homeless, Chun states that he occasionally receives "cash in varying in amounts" from his father (*e.g.*, "8, 157, 37, 64, etc."), but those amounts have been recently reduced. IFP Application at 1, Dkt. No. 7. Chun also has $100 or less in cash or in a checking or savings account and avers that he owes over "ten thousand" in debts, including monies that he borrowed to pay for an

3

attorney. *Id*. at 2. Based upon the IFP Application, Chun's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2018 Poverty Guidelines. *See* Annual Update of the HHS Poverty Guidelines, https://www.federalregister.gov/documents/2018/01/18/2018–00814/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Chun has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II. The FAC Is Dismissed With Leave to Amend

Upon review of the FAC, the Court finds that Chun again fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the FAC fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v.*

4

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Chun again fails to meet this standard.

### B.   The Complaint Is Dismissed With Leave to Amend

As a preliminary matter, the Court observes that Chun has failed to cure the deficiencies noted in the Court's 5/17/18 Order, particularly the lack of cognizable legal theories or coherent facts regarding his claims.   The Court previously provided Chun with guidance on the filing of an amended complaint, and although it appears that he attempted to comply, even given a liberal construction, the allegations in the FAC again fail to state a plausible claim against any defendant. Although the factual averments in the FAC are once again not entirely clear, Chun repeats his prior allegations that the State of Hawaii Family Court, his family members, and the Honolulu Police Department ("HPD") violated his federal constitutional and/or statutory rights during the course of past or present state court proceedings.   Assuming the truth of these allegations, dismissal of the FAC is necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'"   *UMG Recordings, Inc.*, 718 F.3d at 1014.

As noted in the Court's prior Order, as best the Court can discern, Chun is involved in an ongoing dispute with his sister Laurie Rodman and her husband Thomas Rodman, relating to his sister's guardianship, trust relationship, and conservatorship over one or more of their parent's affairs.   *See* 5/17/18 Order.   The FAC repeats several of his previous grievances, but with fewer explanatory references, and as a result, the pleading is difficult to decipher.   In the FAC, Chun

alleges that the basis for the Court's subject matter jurisdiction is the "Constitution, its amendments, and [the] ADA," and points to the following specific rights he believes were violated: "Equal rights, civil rights, due process, and disability anti-discriminat[ion]." FAC at 1. He further claims that his sister, Laurie Rodman "*perjured* tro fc-da 17-1-1866 and fc-da 18-1-0482 *to evict me.* Thomas [Rodman] *manipulated* her. HPD *abetted*. Commonly, they *all* ignore posted complaints without *any* justifiable merit by defame slander 'Curtis is crazy, why regard credible.'" FAC at 2.

Based upon a careful review of the FAC, it appears that Chun is attempting to string together several unrelated incidents including: (1) a court order appointing his sister as his parents' guardian and/or conservator in 2015 ("That court order should be overturned on grounds of blatant incompetence, impropriety"), FAC at 5; (2) Family Court Judge Steven M. Nakashima's denial of Chun's request for court-appointed counsel in an HRS Chapter 586 TRO proceeding ("Both he and 586 deprive these rights"), FAC at 6; and (3) a Family Court TRO initiated by his sister, resulting in his eviction and homelessness ("[Laurie and Thomas] know TRO afflict hurts me. The HPD edify her TRO fact effective evict because they were summon frustrated."), FAC at 2. Together, these allegations again attack current or prior state court proceedings, yet fail to cure the very same shortcomings noted in the

7

Court's 5/17/18 Order dismissing his original Complaint with limited leave to amend.

The FAC, like Chun's prior Complaint, suffers from several deficiencies. First, it fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Even applying the most liberal pleading standard, the Court cannot discern from the pleadings the conduct on which any *claim* is based, other than Chun's vague statement that his Fourteenth Amendment rights were violated by the denial of counsel during a family court TRO hearing and his subsequent eviction by family members. These allegations fail to state a claim, for the reasons addressed below.

Second, insofar as he alleges violations of his federal constitutional rights, Chun fails to satisfy the pleading requirements to state a claim under 42 U.S.C.

8

§ 1983.[3] In order to state a Section 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent he alleges that his family members obtained a TRO in Family Court and that HPD officers then aided and abetted his family members in carrying out his eviction, thereby violating his federal civil rights, he fails to state a Section 1983 claim. These allegations do not support a claim that the private parties acted under color of state law, either by virtue of a conspiracy with the Family Court Judge[4] or the assigned HPD officers.[5] *See*

---

[3]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[4]*See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Gritchen v. Collier*, 254 F.3d 807, 814 (9th Cir. 2001) ("[When a] plaintiff is simply enabled by state law and decides to pursue the remedy afforded . . . [that] does [not] convert the plaintiff's purely private action into state action."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). ("[S]eeking court approval [does not] constitute[ ] state action.").

[5]Although unclear, to the extent Chun's claims against unnamed HPD officers arise from the execution of a valid judicial order, the HPD defendants may be entitled to some form of immunity for their actions. *See Coverdell v. Dep't of Social & Health Serv.*, 834 F.2d 758, 765 (9th Cir. 1987) ("The rationale for immunizing persons who execute court orders is apparent. Such persons are themselves 'integral parts of the judicial process.' The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised.") (citation and quotation signals omitted)); *see also Roland v. Phillips*, 19 F.3d 552, 557 (11th Cir. 1994) ("Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity."); *Kruse v. State of Haw.*,

*Pengelly v. Hawaii Family Court of Third Circuit*, No. CV 17-00306 SOM-KJM, 2017 WL 4683921, at *9 (D. Haw. Oct. 18, 2017). Accordingly, any Section 1983 claim is dismissed.[6]

Third, the Court previously dismissed any claims against Judge Nakashima in either his official or individual capacity, insofar as Chun's claims arise from any ruling made by the judge during the course of the referenced state court proceedings. The Court explained that Judge Nakashima is entitled to immunity from damages under Section 1983. *See, e.g.*, *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). This immunity applies "even when such acts are in excess of their jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (reasoning that "[a] judge will not be deprived of immunity

---

857 F. Supp. 741, 754 (D. Haw. 1994) (A state employee "who executes the court order is protected by absolute quasi-judicial immunity."); *Cf. Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991) ("Because the defendants were not acting under the supervision of a court, it is the qualified immunity standard, rather than the absolute immunity standard, which must govern their conduct.").

[6]The Court previously dismissed Chun's claim that HRS Chapter 586 violates his federal civil rights. *See* 5/17/18 Order at 9–10 (citing *Williamson v. Basco*, No. CV. 06-00012 JMS/LEK, 2007 WL 4570496, at *3 n.7 (D. Haw. Dec. 31, 2007) (holding that HRS Chapter 586 does not violate due process or equal protection rights and that Hawaii Family Court Rule 65, relating to restraining orders issued by Family Court, is also constitutional); *In re Guardianship of Carlsmith*, 113 Hawaiʻi 236, 151 P.3d 717 (2007) (rejecting facial and as-applied constitutional challenges to Hawaii Family Court Rule 65)). To the extent he re-alleges those claims, they are again rejected for the same reasons and dismissed.

because the action he took was in error, was done maliciously, or was in excess of his authority") (citing *Stump*, 436 U.S. at 356); *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) ("42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief."). To the extent he again attempts to bring claims against the Judge for conduct undertaken in his judicial capacity, Chun neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's 5/17/18 Order. That Order permitted Chun leave to amend to attempt to cure the deficiencies noted in the Order, and specifically explained that Judge Nakashima is immune from suit under the circumstances alleged. *See* 5/17/18 Order at 10–11. Once again, Chun's claims against Judge Nakashima are DISMISSED WITH PREJUDICE.

Finally, to the extent he once more complains of acts that were the subject of *prior* judicial proceedings, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue preclusion").[7] Because the Court cannot determine with certainty whether any body has entered a final judgment on the

---

[7] "[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

11

merits, it is not clear whether either of these doctrines presently bars any portion of Chun's allegations. Chun is cautioned, however, that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. More importantly, to the extent Chun is unsatisfied with the final outcome of his state court cases—including the Family Court matters referenced in his pleadings—he may not seek appellate review in federal court, but generally must appeal those matters in state court.[8]

In sum, because Chun fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment of certain claims *may* be possible, Chun is granted limited leave to attempt to cure the deficiencies noted in this Order, with instructions below.

---

[8]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests the entry of *prior* TROs or guardianship orders and asks that they be dissolved, any such challenge must be made through the state court appellate process. Chun may neither collaterally attack nor seek to relitigate state court judgments in this Court. *See also Williamson v. Basco*, 2007 WL 4570496, at *2 (D. Haw. Dec. 31, 2007) ("to the extent Plaintiff seeks to collaterally attack the Family Court's Divorce Decree, custody and child support determinations, and procedural rulings, the court is without jurisdiction to review the Family Court's decisions").

### III. Limited Leave to Amend Is Granted

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). The Ninth Circuit instructs "that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted).

Portions of the FAC are dismissed without prejudice, and Chun is granted leave to amend to attempt to cure the deficiencies identified above. Chun's claims against Judge Nakashima are dismissed *with prejudice*. The Court cautions Chun that he may not re-allege those claims in any amended complaint.

If Chun chooses to file an amended complaint, he must write short, plain statements identifying: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Chun fails to affirmatively link the conduct of each

named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Chun may include only one claim per count. Failure to file an amended complaint by **July 16, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Chun's IFP Application is GRANTED (Dkt. No. 7), and the FAC is DISMISSED with limited leave to amend (Dkt. No. 9).

Chun is granted leave to file an amended complaint in accordance with the terms of this Order by **July 16, 2018**. To be clear, claims dismissed *with prejudice*

14

may not be re-alleged in an amended complaint. The Court CAUTIONS Chun that failure to file an amended complaint by **July 16, 2018** may result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: June 13, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Chun v. Nakashima*; Civil No. 18-00177 DKW-KSC; **ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**