IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CURTIS P. CHUN,<br><br>   Plaintiff,<br><br>  v.<br><br>HAWAII STATE FAMILY COURT RULES UNDER THE HONORABLE JUDGE STEVEN M. NAKASHIMA,<br><br>   Defendant. | CV. NO. 18-00177 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

In a June 13, 2018 Order, the Court granted Chun's Application to proceed *in forma pauperis* and dismissed his First Amended Complaint with limited leave to amend. Dkt. No. 12 (6/13/18 Order). On July 12 and again on July 26, 2018, the Court granted Chun's requests for extensions of time, Dkt. Nos. 16 and 20, and twice extended the deadline for filing his Second Amended Complaint, ultimately until August 13, 2018, cautioning him that "no further extensions will be granted absent good cause shown" and that the failure the file an amended complaint by the deadline may "result in the dismissal of this action without prejudice." Dkt. Nos. 17 and 21. Despite the extensions of time, Chun has yet to file an amended

complaint or respond to the Court's June 13, 2018 Order in any other fashion. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 6/13/18 Order was clear:

> [B]ecause Chun fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment of certain claims *may* be possible, Chun is granted limited leave to attempt to cure the

> deficiencies noted in this Order, with instructions below.
>
> ****
>
> Portions of the FAC are dismissed without prejudice, and Chun is granted leave to amend to attempt to cure the deficiencies identified above. Chun's claims against Judge Nakashima are dismissed *with prejudice*. The Court cautions Chun that he may not re-allege those claims in any amended complaint.
>
> ****
>
> The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Chun may include only one claim per count. Failure to file an amended complaint by **July 16, 2018** will result in the automatic dismissal of this action without prejudice.
>
> Based upon the foregoing, Chun's IFP Application is GRANTED (Dkt. No. 7), and the FAC is DISMISSED with limited leave to amend (Dkt. No. 9).
>
> Chun is granted leave to file an amended complaint in accordance with the terms of this Order by **July 16, 2018**. To be clear, claims dismissed *with prejudice* may not be re-alleged in an amended complaint. The Court CAUTIONS Chun that failure to file an amended complaint by **July 16, 2018** may result in the automatic dismissal of this action without prejudice.

6/13/18 Order at 12–14.

On July 12, 2018, the Court granted Chun's request and extended the deadline for filing his Second Amended Complaint to July 30, 2018. "The Court caution[ed] Chun that failure to file an amended complaint by 7/30/18 may result in the

3

automatic dismissal of this action without prejudice." 7/12/18 Entering Order, Dkt. No. 17. The Court granted Chun a further extension on July 26, 2018, and advised that "[n]o further extensions will be granted absent good cause shown. The Court caution[ed] Chun that failure to file an amended complaint by 8/13/18 may result in the automatic dismissal of this action without prejudice." 7/26/18 Entering Order, Dkt. No. 21. Chun's failure to comply with the 6/13/18 Order, and the 7/12/18 and 7/26/18 Entering Orders hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Chun offers no excuse or explanation for his failure to file a Second Amended Complaint, despite the two extensions of time granted by the Court. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to

4

prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Chun failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior orders. *See* 6/13/18 Order at 12–14. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Chun's failure to file an amended complaint, as directed by the Court in its 6/13/18 Order, and the 7/12/18 and 7/26/18 Entering Orders.

The Court attempted to avoid outright dismissal of this action by twice granting Chun the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Chun's voluntary failure to comply with the Court's Orders. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: August 20, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Chun v. Nakashima*; Civil No. 18-00177 DKW-KSC; **ORDER DISMISSING CASE**