IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CURTIS P. CHUN,<br><br>        Plaintiff,<br><br>        v.<br><br>HAWAII STATE FAMILY COURT RULES UNDER THE HONORABLE JUDGE STEVEN M. NAKASHIMA,<br><br>        Defendant. | CV. NO. 18-00177 DKW-KSC<br><br>**ORDER GRANTING MOTION TO REOPEN** |

## **INTRODUCTION**

On August 20, 2018, the Court dismissed this action without prejudice and entered judgment in light of Chun's failure to file an amended complaint by the August 13, 2018 deadline. Dkt. Nos. 23 (8/20/18 Order) and 24 (Judgment). On August 21, 2018, Chun filed a Motion to Reopen, which seeks to reopen the case and extend once more the time to file an amended complaint.[1] Dkt. No. 26. Because

---

[1]Pursuant to Local Rule 7.2(d), the Court finds the matter suitable for disposition without a hearing. Because Chun is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

the balance of relevant factors weighs in favor of finding excusable neglect on Chun's part, the Court GRANTS the Motion to Reopen this action.

## **DISCUSSION**

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." To determine whether failure to meet a deadline is excusable neglect, courts take into account all relevant circumstances, examining "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *see also Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) (stating that the four enumerated factors, derived from *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993), are "'not an exclusive list'") (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (per curiam)). The Court may also consider the prejudice to the moving party if the motion is denied. *Lemoge*, 587 F.3d at 1192. Following the liberal standard set by the Ninth Circuit, the Court concludes that Chun has demonstrated excusable neglect. The Court therefore GRANTS the Motion to Reopen and allows Chun a reasonable extension of time to file an amended complaint.

In a June 13, 2018 Order, the Court granted Chun's Application to proceed *in forma pauperis* and dismissed his First Amended Complaint with limited leave to amend. Dkt. No. 12 (6/13/18 Order). On July 12 and again on July 26, 2018, the Court granted Chun's requests for extensions of time, Dkt. Nos. 16 and 20, and twice extended the deadline for filing his Second Amended Complaint, ultimately until August 13, 2018, cautioning him that "no further extensions will be granted absent good cause shown" and that the failure the file an amended complaint by the deadline may "result in the dismissal of this action without prejudice." Dkt. Nos. 17 and 21. Despite the extensions of time, Chun neglected to file an amended complaint or respond to the Court's June 13, 2018 Order in any other fashion. As a result, the Court dismissed this action without prejudice on August 20. Dkt. No. 23.

The next day, upon realizing his error, Chun, who is homeless, filed his Motion to Reopen. He explains that he "failed [to] notif[y] more time is needed before the 2nd extension expiration," because he is "having brain issues, [which] results in iterative write ups." Mot. at 1. Chun states that it "is hard writing up SAC being impaired in the mind." *Id.* His mental condition is "compound[ed] by destitute living standard ills, and by distress of evict[ion] from permanent home, distress of my parents' relations with me barred, and dad's choked off monetary help to me[.]" *Id.*

Chun filed this Motion one day after judgment was entered. Given that this action is in the initial pleading stage, reopening the action to allow Plaintiff to file an amended complaint will result in minimal delay and have little impact on the proceedings. Given this short delay, there is also little prejudice to any party in granting the Motion to Reopen. *See, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (finding prejudice to defendant "was minimal," where it merely "would have lost a quick victory," which itself "is insufficient to justify denial of relief under Rule 60(b)(1)"). Further, if the Court did not grant Chun relief, he would certainly be prejudiced by the termination of this action for failure to file an amended complaint as opposed to a merits determination. *See, e.g.*, *Lemoge*, 587 F.3d at 1196 (granting movants' motion for relief under Rule 60(b), in part, because they would have been prejudiced by the running of the statute of limitations, while rejecting defendant's claim that it would be prejudiced because it relied on the dismissal of the lawsuit in settling a separate action). Finally, the facts do not support a finding of bad faith or any gamesmanship on the part of Chun; rather, it appears that he simply missed the deadline due to inadvertence.

The Court does, however, recognize that the reason for the delay—inadvertence or carelessness—does not weigh in Plaintiff's favor. At the same time, the Motion details current challenges arising from his health and living conditions, which may present circumstances beyond Chun's control that

4

contributed to his failure to timely file an amended complaint. The Supreme Court has held that excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394. The question of whether neglect is excusable "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Id*. at 395. The circumstances and equities present in this case weigh in favor of reopening the case and allowing Chun a reasonable extension of time to file an amended complaint. Although he may have acted carelessly, Chun appears to have acted in good faith. *See, e.g.*, *Lemoge*, 587 F.3d at 1195–98 (determining that the district court abused its discretion in not finding excusable neglect within Rule 60(b) when the plaintiffs' attorney, due to serious medical issues, failed to timely serve the summons and complaint, but seven months later, moved to set aside the district court's dismissal of the case); *In re Zilog, Inc.*, 450 F.3d 996, 1006–07 (9th Cir. 2006) (concluding that the bankruptcy court abused its discretion in failing to find excusable neglect pursuant to Bankruptcy Rule 9006(b)(1) when pro se employees failed to timely file proofs of claim).

In sum, considering all of the relevant circumstances, the Court determines that Chun has demonstrated excusable neglect within the meaning of Rule 60(b)(1). The Court grants Chun an extension of one-week from the date of this Order in

which to file an amended complaint consistent with the 6/13/18 Order.   The Court expects full compliance with its orders in the future and CAUTIONS Chun that no further extensions of time will be granted, absent exceptional circumstances.

## **CONCLUSION**

Based upon the foregoing, the Court GRANTS Chun's Motion to Reopen, Dkt. No. 26, and sets aside the judgment entered on August 20, 2018.   Dkt. No. 24.   The Clerk of Court is directed to reopen this action.

Chun is permitted leave to file an amended complaint that complies with the requirements of this Court's 6/13/18 Order by no later than **September 4, 2018**.   Failure to file an amended complaint by this deadline will result in the automatic dismissal of this action.

IT IS SO ORDERED.

Dated: August 27, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Chun v. Nakashima*; Civil No. 18-00177 DKW-KSC; **ORDER GRANTING MOTION TO REOPEN**