IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CURTIS P. CHUN,<br><br>Plaintiff,<br><br>v.<br><br>LAURIE JAN RODMAN, *et al.*,<br><br>Defendants. | CV. NO. 18-00177 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

# INTRODUCTION

On September 4, 2018, Plaintiff Curtis P. Chun, proceeding pro se, filed a Second Amended Complaint ("SAC") alleging violations of his federal civil rights (Dkt. No. 32), attempting to cure the deficiencies in his prior submissions that are described in the Court's May 17 and June 13, 2018 Orders.[1] The SAC, like its predecessors, challenges previous and ongoing proceedings involving Chun and his

---

[1] On May 15, 2018, Chun filed his original Complaint alleging similar violations of his federal civil rights, together with an incomplete application to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 1 and 3. The Court dismissed the Complaint with leave to amend and denied without prejudice the incomplete IFP application. *See* Dkt. No. 5 (5/17/18 Order). On June 6, 2018, Chun filed a First Amended Complaint ("FAC") alleging violations of his federal civil rights (Dkt. No. 9), with another IFP Application (Dkt. No. 7). The Court granted the IFP Application and dismissed the FAC with leave to amend. *See* Dkt. No. 12 (6/13/18 Order). After the Court granted Chun two previous extensions of time to file a Second Amended Complaint (Dkt. Nos. 17 and 21), which he failed to meet, the Court dismissed this action without prejudice on August 20, 2018 (Dkt. No. 23). Upon Chun's motion (Dkt. No. 26), the Court reopened the case and set aside the judgment on August 27, 2018, and granted him until September 4, 2018 to file the SAC (Dkt. No. 27).

family members in state court, and once more fails to allege facts demonstrating that Chun's rights have been violated or that he is plausibly entitled to relief from any defendant. Because Chun once more fails to state a claim for relief, and because the Court determines that further leave to amend would be futile, the SAC is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).[2]

## **DISCUSSION**

Because Chun is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

---

[2]Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

## I. The SAC Is Dismissed For Failure to State a Claim

Upon review of the SAC, the Court finds that Chun again fails to state a claim upon which relief may be granted. As before, even liberally construed, the SAC fails to allege any discernable basis for judicial relief against any party and fails to cure the deficiencies noted by the Court in its earlier Orders.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to

3

legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Chun again fails to meet this standard.

### B. The SAC Fails to State a Claim

As a preliminary matter, the Court observes that Chun has failed to cure the deficiencies noted in the Court's 5/17/18 and 6/13/18 Orders, particularly the lack of cognizable legal theories or coherent facts regarding his claims. The SAC, in other words, repeats the very same deficiencies previously discussed in the Court's

Orders.³ Although Chun appears to name only his sister Laurie Jan Rodman, and her husband, Thomas Rodman, as defendants in the SAC, he again alleges that his family members violated his federal civil rights during the course of past or present state court proceedings, but does not cure the deficiencies previously identified with respect to the same allegations against the same parties. Chun now asserts that his Fifth, Eighth, and Fourteenth Amendment rights were violated and that he has suffered discrimination due to his unspecified disabilities.⁴ Assuming the truth of his allegations, however, dismissal of the SAC is necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc.*, 718 F.3d at 1014.

As noted in the Court's prior Orders, Chun is involved in an ongoing dispute with his sister and her husband, relating to his sister's guardianship, trust relationship, and conservatorship over one or more of their parent's affairs. The SAC repeats several of his previous grievances, and includes additional allegations

---

³The Court permitted him limited leave to amend to attempt to cure the deficiencies noted in the 5/17/18 and 6/13/18 Orders, but specifically explained that certain claims were dismissed *with prejudice* and cautioned that those claims were *not* to be re-alleged in any amended complaint. The SAC, however, ignores these admonitions, and alleges the very same Section 1983 claims, attacking the same state court matters. Insofar as the SAC simply repeats the same allegations against the same Defendants, it is axiomatic that they fail to state a claim—they were all previously dismissed for that reason. Even viewing the SAC in the light most favorable to Chun, the re-asserted claims previously dismissed *with prejudice* exceed the leave to amend granted in the Court's prior Orders.

⁴Chun alleges that he is "elderly/destitute/fragile by disease," but does not elaborate further regarding his ailments or disabilities. *See* SAC at 3.

5

regarding the circumstances that resulted in family court proceedings and/or Chun's eviction from his parents' home. Chun alleges three Counts in the SAC: (1) disability discrimination (Count 1); (2) cruel and unusual punishment (Count 2); and (3) denial of due process and equal protection (Count 3). He asserts that the state family court proceedings, including the temporary restraining order ("TRO") entered against him pursuant to Hawaii Revised Statutes ("HRS") Chapter 586, "deprived [him] of life, liberty, and or property, by forceful evict[ion] into homelessness." SAC at 5. He also asserts that HRS Chapter 586 "dilutes justice of 'due process of law' furthering hearing prolongation, consequently disadvantaged recollection of information and its accuracy completeness and wholeness … 586 lacks equal protection of rights by placing me into a dangerous life threatening homelessness, moneyless, familyless condition." SAC at 5. These allegations again attack current or prior state court proceedings, yet fail to cure the very same shortcomings noted in the Court's prior Orders dismissing his earlier complaints with limited leave to amend.

Insofar as he alleges violations of his federal constitutional rights, Chun once more fails to satisfy the pleading requirements to state a claim under 42 U.S.C. § 1983.[5] In order to state a Section 1983 claim, a plaintiff must allege: (1) that a

---

[5]Under 42 U.S.C. § 1983,

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). First, he fails to sufficiently allege any state action by his sister or her husband. To the extent he alleges that his family members violated his federal civil rights by obtaining a TRO in family court and then by misleading Honolulu Police Department officers into carrying out his eviction, Chun fails to state a Section 1983 claim. These allegations do not support a claim that the private parties acted under color of state law, either by virtue of a conspiracy with the non-party family court judge[6] or the assigned HPD officers.[7] *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (explaining that "whether a person is subject to suit under § 1983 is the same question posed in cases arising

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[6]*See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (explaining that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); *Gritchen v. Collier*, 254 F.3d 807, 814 (9th Cir. 2001) ("[When a] plaintiff is simply enabled by state law and decides to pursue the remedy afforded . . . [that] does [not] convert the plaintiff's purely private action into state action."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[S]eeking court approval [does not] constitute[ ] state action.").

[7]The Court previously informed Chun that private parties may be sued under Section 1983 only if their conduct is "fairly attributable to the State." *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citations omitted). Chun again fails to allege sufficient facts to show that these defendants conspired with or wilfully participated in a joint action with state officials to deprive him of his constitutional rights. *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)).

under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?"); *see also Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991) (finding that the dismissal of the private appellees was proper "since there was no sufficient pleading that the private appellees were acting under color of state law"); *Pengelly v. Hawaii Family Court of Third Circuit*, No. CV 17-00306 SOM-KJM, 2017 WL 4683921, at *9 (D. Haw. Oct. 18, 2017).

Second, Chun fails to allege a violation of his federal rights under the Fifth, Eighth or Fourteenth Amendments in Counts 1 through 3. Chun does not state a claim for violation of the Eighth Amendment, despite allegations of "cruel and unusual punishment," as there are no allegations that he is confined, in custody, or imprisoned by any government.[8] *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (claims by prisoners arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment); *see also United States v. Lovett*, 328 U.S. 303, 317-18 (1946) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.... [T]he State does not acquire the power to punish with which the Eighth Amendment

---

[8]Chun alleges that "cruelty is administered by Laurie [and] Thomas petitioning TRO that 586 cautiously obliges thru barring contact thus evict. . . . TRO Court prolongs further cruelty, lack of safety, security, shelter, nutrition, medicine, sanitation, hygiene." SAC at 4. He also asserts that Thomas Rodman "damage[d] my sphincter, thr[ew] full water cup on my face, burn[ed] my forearm with chrome oven grill, paddy whack my face cheeks while pinning me down on toilet, trashing my nutrient supplements and medical supplies, hygiene sanitation, belongings." *Id.*

is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.").

His Fifth Amendment due process and Fourteenth Amendment due process and equal protection claims are also deficient. The Court previously dismissed Chun's claim that HRS Chapter 586 violates his federal civil rights. *See* 5/17/18 Order at 9–10 (citing *Williamson v. Basco*, No. CV. 06-00012 JMS/LEK, 2007 WL 4570496, at *3 n.7 (D. Haw. Dec. 31, 2007) (holding that HRS Chapter 586 does not violate due process or equal protection rights and that Hawaii Family Court Rule 65, relating to restraining orders issued by Family Court, is also constitutional); *In re Guardianship of Carlsmith*, 113 Hawai'i 236, 151 P.3d 717 (2007) (rejecting facial and as-applied constitutional challenges to Hawaii Family Court Rule 65)). To the extent he re-alleges those claims, they are again rejected for the same reasons. In short, Chun fails to state a claim under Section 1983 for violation of his federal civil rights.

Finally, to the extent he once more complains of acts that were the subject of *prior* state court judicial proceedings, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue preclusion").[9] More

---

[9]"[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been

importantly, to the extent Chun is unsatisfied with the final outcome of his state court cases—including the family court matters referenced in his pleadings—he may not seek appellate review in federal court, but generally must appeal those matters in state court.[10]

In sum, because Chun again fails to state a plausible claim for relief, the SAC is dismissed.

## II. Dismissal Is Without Further Leave to Amend

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). A court may, however, deny

---

properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

[10]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Chun again contests the entry of *prior* family court TROs or guardianship orders and asks that they be dissolved, any such challenge must be made through the state court appellate process. Chun may neither collaterally attack nor seek to relitigate state court judgments in this Court. *See also Williamson v. Basco*, 2007 WL 4570496, at *2 (D. Haw. Dec. 31, 2007) ("to the extent Plaintiff seeks to collaterally attack the Family Court's Divorce Decree, custody and child support determinations, and procedural rulings, the court is without jurisdiction to review the Family Court's decisions").

10

leave to amend where further amendment would be futile. *See, e.g., Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (Leave to amend may be denied "where the amendment would be futile.").

As discussed above, even given a liberal construction, Chun again fails to state cognizable claims for relief. He was twice given the opportunity to amend his allegations to state plausible claims, together with the directions on how to do so, yet he has been unable to comply. Because Chun failed to follow the Court's prior Orders and again fails to state a claim for relief in any Count of the SAC, the Court finds that any further attempt to amend would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'") (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## CONCLUSION

Based upon the foregoing, Chun's SAC is DISMISSED with prejudice. The clerk's office is directed to close the case.

IT IS SO ORDERED.

Dated: September 11, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge